NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO NUNEZ-GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-70343 <br><br> Agency No. A099-967-430 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2022[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and HELLERSTEIN,[***] District Judge.

Francisco Nunez-Gonzalez ("Petitioner"), a thirty-three-year-old native and

citizen of Mexico, petitions for review of a decision of the Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Appeals ("BIA") upholding the immigration judge's ("IJ") denial of his claims for asylum, cancellation of removal, withholding of removal, and relief under the Convention Against Torture ("CAT"). The BIA affirmed the IJ's decision and dismissed Petitioner's appeal.

We have jurisdiction under 8 U.S.C. § 1252. We review *de novo* constitutional claims and questions of law, *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007), and we review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.[1]

1. Substantial evidence supports the agency's adverse credibility determination as to the testimony of Petitioner and his witnesses. The IJ first found that Petitioner was not credible based on inconsistencies between his own written declarations and oral testimony. The IJ next found that Petitioner's sister provided testimony that was inconsistent with Petitioner's testimony. Finally, the

---

[1] The IJ found, and the BIA affirmed, that Petitioner was ineligible for cancellation of removal, asylum, or withholding of removal based on his 2013 conviction for possession with intent to distribute methamphetamine, in violation of Cal. Health & Safety Code § 11378, which the IJ determined to be an aggravated felony and particularly serious crime. Petitioner has not challenged these determinations in his opening brief. Because issues not raised in an opening brief are deemed abandoned, *see Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005); *see also Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (holding issue waived when petitioner failed to address it the argument portion of his brief), we limit our review to the agency's adverse credibility determination, its denial of protections under the CAT, and Petitioner's denial of due process claim.

IJ found that Petitioner's mother was not credible based on inconsistencies between her written declaration and oral testimony, and that her testimony failed to corroborate Petitioner's claim or rehabilitate Petitioner's credibility. The BIA held that the IJ's findings were not clearly erroneous. The inconsistencies and omissions noted by the agency are substantial and sufficient to support the adverse credibility determination. Having reviewed the record, we cannot say it compels a contrary conclusion.

First, Petitioner's oral testimony was inconsistent with his written declarations because it included two additional and more recent threats of harm that bolstered his claim of future persecution. In his initial declaration, Petitioner gave as his basis for relief his fear that if he were to be returned to Mexico he would be persecuted because he was a Chicano, a "Mexican deportee[] with no family ties to Mexico." He gave as an example an incident in 2013, when his wife's uncle was kidnapped and robbed while on a business trip to Sinaloa, Mexico. In a supplemental written declaration, Petitioner changed his account to base his fear on his connection to his sister's former partner, Jose, a co-defendant in Petitioner's 2013 arrest and conviction for possession with intent to distribute methamphetamine and who allegedly owed drug dealers or cartel members $50,000 for the drugs that were confiscated when Petitioner and Jose were arrested. As evidence of the threat against him, Petitioner averred that, in 2013,

two men came to his home and threatened to kill him if he did not pay Jose's debt. Petitioner also averred that he learned, in 2017, that Jose was safe in Mexico because he had cartel connections, but that Jose's cousin, also a drug dealer deported to Mexico, was killed there by the syndicate that had threatened Petitioner.

Before the IJ, however, Petitioner testified about two other and more recent events that he claimed supported his fear that he would be harmed in Mexico. These events were wholly absent from either of his written declarations. Petitioner testified that in 2015, the two men who visited Petitioner in 2013 visited his aunt's house and threatened to hurt Petitioner. Petitioner also testified that the two men showed up at his work in 2016 and threatened the same.

Petitioner argues that these inconsistencies were minor omissions and cannot form the basis for an adverse credibility determination. We disagree. Petitioner's bolstering testimony contained wholly new allegations and told a "much different—and more compelling—story of persecution than [the] initial application." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (alteration in original) (citation omitted). And "[a]lthough inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010). Moreover, when asked why the additional events

4

were not included in his written declarations, Petitioner first blamed his attorney and then admitted that he had not read his declarations before certifying them as accurate and complete—an unpersuasive explanation that the IJ was entitled to disbelieve. *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010).

Although Petitioner's omissions alone are sufficient to uphold the agency's conclusion, *see Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam), the IJ's finding is further supported by the noted inconsistencies between Petitioner's testimony regarding Jose's cartel connections and the testimony and written declaration of Petitioner's sister, in which she denied that Jose was, or ever had been, part of a cartel. The IJ found that this contradiction undermined Petitioner's claim, and thus his credibility, because the basis for his fear was that he did not have the cartel connections that Jose had, and which kept Jose safe.

In addition, the IJ found that Petitioner's mother's testimony was not credible and failed to corroborate or rehabilitate Petitioner's credibility. Petitioner's mother submitted a written declaration replete with details about the 2013 incident when the two men came to Petitioner's house, as well as described an intervening incident—between the two merits hearings—in December 2017, when two men allegedly showed up at Petitioner's grandmother's house in Nayarit, Mexico, armed with pistols, and threatened to take the house if Petitioner did not pay Jose's debt. Petitioner's mother's oral testimony, however, was substantially

less detailed, and at several points, directly contradicted statements in her written declaration. When confronted with the inconsistencies on direct and cross-examination, his mother initially doubled down, adhering to her oral representations, and leading the IJ to question whether his mother actually had written her own declaration. After repeatedly being asked about the inconsistencies, Petitioner's mother reversed herself and stated that the declarations were accurate representations. When asked why she had repeatedly denied them, his mother stated that she "forgets things." The IJ rejected Petitioner's mother's testimony, and substantial evidence supports that finding. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

In addition, substantial evidence supports the agency's conclusion that Petitioner failed to rehabilitate his testimony with documentary or testimonial evidence. Having found Petitioner not credible, the IJ was not required to, but did, provide Petitioner with notice and an opportunity to respond with corroborating evidence. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1046–47 (9th Cir. 2017). The IJ specifically advised Petitioner that it would be extremely helpful to have the testimony of percipient witnesses. Petitioner failed to provide any such evidence to corroborate his claims. His sister's testimony could not do so because she was not a percipient witness to any of the reported incidents of threats, and his mother's testimony could not do so because the IJ found it not credible. Although Petitioner

6

could have obtained written declarations from both Jose and his grandmother,[2] he failed to do so because he did not think they would be helpful or necessary.

In the absence of credible testimony, and any further evidence corroborating Petitioner's claims, we affirm the agency's conclusion.

2. Substantial evidence also supports the agency's determination that Petitioner is not eligible for CAT protection. Petitioner's claim for relief is based on the same testimony that the agency deemed not credible. While an adverse credibility finding does not necessarily defeat a claim for CAT relief, Petitioner's country conditions evidence is insufficient to meet his burden. Although the evidence shows that crime rates in Mexico are high, and that drug cartels commit brutal crimes, the evidence also shows that the Mexican government is investigating and prosecuting crime and corruption. Therefore, it cannot be said that the government of Mexico would either acquiesce in, or fail to prevent, efforts to torture Petitioner. *See* 8 C.F.R. § 1208.16(c)(2); *Andrade v. Lynch*, 798 F.3d 1242, 1245 (9th Cir. 2015) (per curiam). In addition, Petitioner's evidence does not show that he suffers an individualized risk of harm. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (finding that "generalized evidence of

---

[2] Petitioner's sister speaks to Jose once a month because they have three children together, and Petitioner's mother speaks to his grandmother daily. The IJ found, and Petitioner did not deny, that Petitioner could have obtained declarations from both.

violence and crime in Mexico is not particular to Petitioners and is insufficient to" establish an individualized risk of torture). Thus, Petitioner's country conditions evidence does not compel the conclusion that he is more likely than not to be tortured if he is removed to Mexico. *See Shrestha*, 590 F.3d at 1048–49.

3. Finally, we hold that the agency's adverse credibility determination did not violate Petitioner's due process rights. Petitioner was afforded a full and fair opportunity to be heard before a neutral arbiter, *see Jiang v. Holder*, 754 F.3d 733, 741 (9th Cir. 2014), was represented by counsel, and was able to present written and oral testimony and other evidence in support of his application. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007).

**PETITION DENIED.**